Argued December 21, 1926, defendant suspended for one year February 1, 1927.

## STATE EX REL. HUGH MONTGOMERY ET AL., v. LON L. PARKER.

### (252 Pac. 711.)

**Attorney and Client—Conduct of Attorney in Retaining Money Belonging to Clients Held to Warrant Suspension from Practice for One Year (Or. L., §§ 1077, 1080, 1091, 1092).**

1. Conduct of attorney in receiving money for and in behalf of clients, which he failed to remit, *held* to justify suspension from practice for one year, under Sections 1077, 1080, 1091, 1092, Or. L.

**Attorney and Client—Proceedings for Disbarment Held not Barred by Lapse of Four to Six Years from Date of Acts Complained of.**

2. Proceedings for disbarment of attorney for acts of misconduct, claimed to have taken place approximately four to six years earlier, *held* not barred by lapse of time, statute of limitation and laches not constituting bar to prosecution of disbarment proceedings.

**Attorney and Client—Delay in Prosecuting Disbarment Proceedings, Though not Bar, will be Considered in Judgment Pronounced.**

3. Though disbarment proceedings are not barred by statute of limitations for laches, delay in prosecution thereof will be taken into consideration in pronouncement of judgment.

Attorney and Client, 6 C. J., p. 584, n. 88, p. 588, n. 48, p. 589, n. 49, p. 591, n. 69, p. 601, n. 86, 87, 88, p. 612, n. 51, 52.

### ORIGINAL PROCEEDING FOR DISBARMENT.

For plaintiff, *Mr. Will H. Masters.*

*Mr. Lon L. Parker, in propria persona.*

PER CURIAM.—1. This proceeding was filed October 27, 1922, by the Multnomah Bar Association, through its lawful representatives, accusing Lon L. Parker of wilful deceit and misconduct in the practice of his profession as an attorney at law, and

---

1.  See 2 R. C. L. 1095.
2.  See 2 R. C. L. 1107.

asking that he be required and cited to appear before the court and show cause why he should not be disbarred from further practice in this state and the records of the court purged of his name. Following the filing of the petition, citation was duly issued and served upon the defendant, requiring him to answer the accusation in this court on November 22, 1922. In the month of December, the defendant presented an unserved answer for filing. Thereafter, inaction seems to have marked the proceeding until Honorable J. U. CAMPBELL, Circuit Judge, was by this court appointed as referee, to take the testimony in the disbarment proceedings, and instructed to return to the court the evidence, together with his findings of fact therefrom. In pursuance of this order, the case was heard on February 15, 1926, at the courthouse in Multnomah County, Oregon, Bradley A. Ewers appearing on behalf of the Bar Association, and the defendant appearing personally and by Paul Dormitzer, his counsel. As a result of the hearing and consideration of the evidence adduced, the referee made findings of fact substantially sustaining four of the five charges made by the Bar Association, to the effect that Lon L. Parker had wilfully deceived his clients with respect to money belonging to them and in his possession. In substance, these findings are:

That, about November 20, 1920, while acting as attorney for Emma Roberts of Portland, Parker filed an action in the District Court of Multnomah County to collect $48 from one Clarence Dayton, but that, after service of process upon Dayton, no further court action was taken; that, from time to time Parker received payments from Dayton on the amount due, but that he "wilfully and knowingly converted them to his own use and failed to account for

them until the Bar Association of Multnomah County, through their Grievance Committee, notified him of the complaints that were being made by said Emma Roberts."

That, on or about October 17, 1921, while acting as attorney for one Catherine J. Stowe in an action for damages, Parker received from his client a check for $25 which she had delivered to him to be paid by him to Dr. F. E. Diemer of Portland, for services to be rendered as an expert witness, but that he neglected to deliver this check to Dr. Diemer as directed, and wilfully misappropriated and converted the same to his own use.

That, in February, 1922, while employed as attorney for one Frank Crowley, Parker collected $300 for damages arising out of personal injuries suffered by Crowley, and that, in his settlement, he withheld some of his client's money until action was taken by the Bar Association.

That, in March, 1922, while acting as attorney for one Annie Doern, Parker came into possession of $180 of his client's money, and, by misrepresentations to her, retained possession thereof until the Bar Association took action in the premises.

After the taking, hearing and weighing of the evidence, the learned trial judge, as referee herein, added to his findings of fact the following conclusions:

"That all of the above acts complained of were done by the said defendant wilfully and knowingly, and with an intent to mislead the different clients above mentioned."

At the hearing in the court below, the defendant, through his counsel, interposed an objection to further action, on the ground that "this matter has be-

come stale for want of prosecution.'' On this point, a recognized text-writer announces the rule in language following:

"The statute of limitations does not constitute a bar to the prosecution of disbarment proceedings; nor will such proceedings be barred by mere laches. * * But disbarment proceedings should not be instituted for misconduct which occurred many years before, especially where the respondent has lived an exemplary life thereafter. And the fact that such proceedings have been delayed will be taken into consideration in mitigation of punishment, and may result in a dismissal.'' 2 Thornton on Attorneys at Law, § 880.

2, 3. This prosecution is not barred by the lapse of time. However, the delay in prosecution will be taken into consideration in the pronouncement of judgment.

Our Code provides:

"Any member of the bar of this state shall be disbarred by the Supreme Court, upon proper proceedings for that purpose, whenever it shall appear to that court that his conduct has been such that if he were then applying for admission to the bar his application should be denied.'' Or. L., § 1091.

It likewise denounces, as ground for disbarment of an attorney, wilful deceit or misconduct in the practice of his profession: Or. L., § 1092.

Now, we will examine into the requisite qualifications of every applicant to practice law as laid down by our statute.

Before an attorney can be admitted to practice law in this state, he must establish, to the satisfaction of the Supreme Court, that he is a citizen of the United States and of Oregon; that he is twenty-one years of age, a person of good moral character, and that he

has the requisite learning and ability: Or. L., § 1077. If, upon his examination, he is found qualified, the court shall administer to him an oath "to support the Constitution and laws of the United States and of this state, and to faithfully and honestly demean himself in office." Or. L., § 1080. Nor does the duty of the court cease here. The section just noted further provides:

"The court shall then direct an order to be entered to the effect that the applicant is a citizen of the United States and of this state, of the age of 21 years, of good moral character, and possesses the requisite learning and ability to practice as an attorney in all the courts of this state, and has taken the oath of office."

Upon the issuance of such order, the applicant becomes a member of the bar of this state.

In the practice of his profession, it is the duty of every lawyer to be loyal and true to his clients, to his profession, to the public, and to the court that issued the certificate qualifying him as such lawyer.

The referee found that the defendant had not performed his duty honestly, but that, on the contrary, he had wilfully violated the covenants of his office. Mindful of the significance of such findings, and of the unfortunate situation of the defendant resulting therefrom, we have given careful consideration to all the facts in the case, and, from such consideration, we are of opinion that the conduct of the defendant in the practice of his profession has been such as clearly to warrant this court in disbarring him from further practice in the various courts of this state. However, in the belief that the correction of the evil may be accomplished by measures less drastic than by a disbarment without limitation, we direct that the defend-

ant be suspended from the practice of law in this state for the period of one year. An order will be entered accordingly.    Suspended for One Year.