## Ex parte CHRISTOPHER.

S. C. B. D. No. 286. Nov. 23, 1937.

A. O. Harrison and V. P. Crowe, for Board of Governors.

M. B. Cope and H. G. McKeever, for respondent.

DAVISON, J. In this proceeding, H. R. Christopher presents for review the action of the Board of Governors of the State Bar in suspending him from the practice of law for a period of 30 days by reason of his alleged failure to account for moneys collected in behalf of his clients, John and Pete Jillie.

The respondent has been a practicing attorney for 35 years. He now lives at Enid. Formerly he practiced in Henryetta. While at Henryetta, in 1924, he undertook the collection of a group of claims against a bankrupt coal company. Among these claims were those of the Jillies, which form the basis of this proceeding. In 1927 he collected $3,500 on all the claims, of which the Jillies were entitled to $132.79. The aggregate sum was deposited in a bank at Henryetta, and according to the testimony of respondent, checks were issued and mailed to the various claimants. In 1926, prior to the collection, however, the Jillies had moved to California. While there, they had some correspondence with a relative and also a friend of theirs concerning these claims. Upon their return to Oklahoma in 1933, they asserted that they had never received their money. Ultimately their complaint came before the State Bar, resulting in respondent's suspension.

Record evidence of the payment of the claims or the nonpayment thereof was not available. The bank records were not available, and when the respondent moved from Henryetta to Enid, his office records of the transaction were cast away.

We are thus confronted with a direct dispute in the evidence upon the specific charge. resulting in the respondent's suspension. While the disposition of the cause by the State Bar is highly persuasive, it is not binding and we are free to exercise our independent judgment, after considering all of the surrounding circumstances. In re Hadwiger, 167 Okla. 307, 27 P. (2d) 604; In re Choate, 174 Okla. 446, 50 P. (2d) 706. After a careful consideration of the facts and circumstances of this case, we are convinced that an error in judgment has been committed in this case. There are several important considerations which claim a degree of attention which has not been accorded in the disposition recommended.

While lapse of time in the presentation of a complaint to the State Bar is not a defense, it is an element demanding consideration (State ex rel Montgomery v. Parker [Ore.] 252 P. 711), especially where. as in this case, the lapse of time has resulted in the loss or destruction of records which, if available. would disperse doubt in connection with the dispute. For certainly grave injustice would often result if the presentation of complaints arising from the dim and distant past were to be encouraged.

The respondent is a lawyer of long standing and has borne an excellent reputation throughout his many years of practice. It is difficult to believe that he would jeopardize that reputation through the misappropriation of a comparatively small sum of money. The method adopted by him (deposit in a trust fund and disbursement by check) in handling the items indicates an honesty of purpose, which is entitled to grave consideration.

After all, the ultimate purpose of disciplinary measures by the State Bar. is the protection of the public, rather than the settlement of disputes arising between attorney and client by reason of a sincere belief in the truth of different states of facts. Here it is apparent that the attorney honestly and sincerely believes he has accounted to his clients for the moneys collected. He may be mistaken, but if he is, justice demands that that mistake be determined in a competent manner, rather than by subjecting him to the embarrassment of puni-

tive measures in a proceeding not calculated or designed for the collection of money.

Being convinced of the existence of error in the recommendation made, we direct the State Bar to dismiss the complaint.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. WELCH, J., absent.